126                          429 Mass. 126 (1999)

Nashoba Communications Limited Partnership *v.* Board of Assessors of Danvers.

NASHOBA COMMUNICATIONS LIMITED PARTNERSHIP *VS.*
BOARD OF ASSESSORS OF DANVERS.

Suffolk. January 7, 1999. - March 4, 1999.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, FRIED, MARSHALL, & IRELAND, JJ.

*Taxation,* Personal property tax: abatement; Cable television system.
*Constitutional Law,* Equal protection of laws. *Partnership,* Limited partner-
ship.

The Appellate Tax Board correctly concluded that cable and other electronic
equipment located over public ways was properly taxed as personal
property of a limited partnership pursuant to G. L. c. 59, § 18, Sixth, and
the exemption provisions of G. L. c. 59, § 18, Fifth, pertaining to property
of corporations, were not applicable. [127-129]

APPEAL from a decision of the Appellate Tax Board.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Walter H. Mayo, III,* for the plaintiff.

*Michael C. Lehane* for the defendant.

LYNCH, J. This is an appeal from a decision of the Appellate
Tax Board (board) by Nashoba Communications Limited
Partnership (Nashoba). The underlying facts are not in dispute.
Nashoba is a limited partnership which, at all times relevant to
this appeal, owned and operated a cable television system in
Danvers. For fiscal year 1990, the board of assessors of Dan-
vers (assessors) valued personal property owned by Nashoba at
$2,220,300 and assessed a tax on this property. On January 5,
1990, Nashoba filed an application for abatement of personal
property tax, claiming that its cable and other electronic equip-
ment located over public ways, property for which it was as-
sessed, was exempt from taxation. The assessors denied the ap-
plication.

The parties agree that, if the property at issue is taxable, then
the assessment was correct. The board concluded that, under
G. L. c. 59, § 18, the property was not exempt from local taxa-

tion. Nashoba appealed. We transferred the case here on our own motion and now affirm the decision of the board.

The dispute centers around G. L. c. 59, § 18, which provides in relevant part:

> "All taxable personal estate within or without the commonwealth shall be assessed to the owner in the town where he is an inhabitant on January first, except as provided in chapter sixty-three and in the following clauses of this section: . . .

> "Fifth, Underground conduits, wires and pipes laid in public ways, except such as are owned by a street railway company, and poles, underground conduits and pipes, together with the wires thereon or therein, laid in or erected upon private property or in a railroad location by any corporation, except poles, underground conduits, wires and pipes of a railroad corporation laid in or erected upon the location of such railroad, and except poles, underground conduits, wires and pipes laid in or erected upon any right of way owned by a street railway company, shall be assessed to the owners thereof in the towns where laid or erected.

> "Sixth, Partners, whether residing in the same or different towns, shall be jointly taxed under their firm name, for all tangible personal property belonging to the partnership, except ships and vessels used in or designed for use in carrying trade or commercial fishing, in the place where such property is situated. Each partner shall be liable for the whole tax."

In *Warner Amex Cable Communications Inc.* v. *Assessors of Everett*, 396 Mass. 239 (1985), this court reiterated its prior conclusion that G. L. c. 59, § 18, Fifth, "makes no provision for the taxation of poles with the wires thereon erected on public ways."[1] *Id.* at 241, quoting *Assessors of Springfield* v. *Commissioner of Corps. & Taxation*, 321 Mass. 186, 194 (1947).

By specifically referring to pipe and wires of corporations

---

[1] We note that, as in *Warner Amex Cable Communications Inc.* v. *Assessors of Everett*, 396 Mass. 239, 240 n.2 (1985), neither the board nor the assessors have relied on the introductory language of § 18 or on § 18, First, to justify the assessors' right to assess the property at issue in this case.

laid in public ways and in or on private property, the statute gives rise to the inference cited by the court that such property located on a public way is not included. In both cases the taxpayers claiming the benefit of this exemption were corporations. See *Warner Amex Cable Communications Inc., supra* at 241 n.3; *Assessors of Springfield, supra* at 187. Nashoba is organized as a limited partnership.

In rejecting Nashoba's suggestion that this distinction is irrelevant the board noted that § 18, Sixth, specifically addresses taxation of "all tangible personal property belonging to the *partnership*" (emphasis added). In contrast, § 18, Fifth, pertains to "[u]nderground conduits, wires and pipes laid in public ways . . . and poles, underground conduits and pipes, together with the wires thereon or therein, laid in or erected upon private property . . . *by any corporation* . . ." (emphasis in board's decision).

The board reasoned that, because clause Fifth specifically refers to property of corporations and clause Sixth to partnership property, it would be a strained construction to conclude that clause Fifth was also meant to apply to certain partnership property. We agree. The provisions of § 18, Fifth, apply to corporations not partnerships.

Nashoba next argues that construing G. L. c. 59, § 18, as taxing partnerships but exempting corporations for the same property, is constitutionally discriminatory and denies partners equal protection of the laws. We disagree. In *Massachusetts Teachers Ass'n* v. *Secretary of the Commonwealth,* 384 Mass. 209 (1981), we stated:

> " 'A classification by a Legislature of property and persons for the purpose of taxation is not violative of . . . [the equal protection] clause of the Fourteenth Amendment [to the United States Constitution] so long as any basis of fact can be reasonably conceived showing that the distinction upon which it rests has a fair and rational relation to the object sought to be accomplished by the enactment, and so long as, the classification being valid, the State deals equally with all the members of the same class.'. . . A State's scope of discretion is especially wide in the field of taxation."

*Id.* at 240, quoting *Frost* v. *Commissioner of Corps. & Taxation,*

363 Mass. 235, 248, appeal dismissed, 414 U.S. 803 (1973), and cases cited. We note that both the Federal and Massachusetts taxing schemes treat corporations and partnerships differently. Furthermore, if any inequality exists in this treatment, it can be avoided because it is the taxpayer's option to operate as a partnership or to do business as a corporation. Furthermore, as the board noted, G. L. c. 63, § 30, imposes a corporate excise, in part, on the value of a corporation's tangible personal property not subject to local taxation. There is no comparable provision providing for State taxation of a partnership's personal property.

We affirm the decision of the Appellate Tax Board.

*So ordered.*